UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BILLY J. COVINGTON,<br>    Plaintiff, | Case No. 1:18-CV-511 |
| vs. | Dlott, J.<br>Bowman, M.J. |
| ANTHONY CADOGEN, *et al.*.<br>    Defendants. | **ORDER AND REPORT AND**<br>**RECOMMENDATION** |

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), has filed a pro se civil rights complaint under 42 U.S.C. § 1983 against SOCF officials Anthony Cadogen and Jeremy Oppy. (Doc. 1-1). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis*.

This matter is before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**I.     Screening of Complaint**

    **A.     Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see*

*also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

   B.   **Plaintiff's Complaint**

Plaintiff asserts that he is a Muslim. He alleges that on April 26, 2018, he sent defendant Unit Manager Jeremy Oppy a "kite" requesting to purchase a prayer rug, but Oppy denied the request. Plaintiff alleges that defendant Oppy told him to instead use a towel. Plaintiff asserts that inmates are only given one towel, which is the towel they are to use to dry their bodies. (Doc. 1-1, at PageID 12).

Plaintiff further alleges that he wrote an informal complaint to defendant "DWSS" Anthony Cadogen regarding the denial of the prayer rug and was told by Cadogen that prison policy did not allow prisoners to have prayer rugs. Plaintiff alleges that it is essential to his Muslim beliefs to pray five times a day and "to focus on certain points on all Muslim rugs." Plaintiff also states that he requires a prayer rug to cushion his knees. (Doc. 1-1, at PageID 12).

Plaintiff alleges the denial of his request to purchase a prayer rug has made it difficult for him to practice his religion. He further alleges that he is being retaliated against for the

3

death of a corrections officer during a "Muslim led riot" in 1993. He claims that inmates of other faiths are allowed to practice their beliefs fully. (Doc. 1-1, at PageID 12).

For relief, plaintiff seeks monetary and injunctive relief. (Doc. 1-1, at PageID 13).

**C.      Analysis**

Plaintiff may proceed with his claims against defendant Oppy for allegedly violating plaintiff's religious and equal protection rights by denying plaintiff's request to purchase a prayer rug. At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that these claims are deserving of further development and may proceed at this juncture. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). However, plaintiff's remaining claims, including the entirety of his claims against defendant Cadogen, should be dismissed for failure to state a claim upon which relief may be granted.

First, any claim against defendants Oppy and Cadogen in their official capacities must be dismissed to the extent that plaintiff seeks monetary damages. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139 (1993); *Edelman v. Jordan*, 415 U.S. 651 (1974). An action against a state official in his or her official capacity is the equivalent of an action against the State he or she represents. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 70-71 (1989). Therefore, defendants Oppy and Cadogen in their official capacities are immune from suit to the extent that plaintiff seeks monetary damages.

Next, plaintiff has not alleged any personal involvement on the part of defendant Cadogen, other than his denial of a grievance. To establish liability under § 1983 against an individual defendant, a plaintiff must plead and prove that the defendant was personally involved in the conduct that forms the basis of his complaint. *Greene v. Barber*, 310 F.3d 889,

4

899 (6th Cir. 2002). *See also Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992) (individual capacity claims must show personal involvement of the defendant who caused the plaintiff's injury). Further, "[p]rison officials are not liable under § 1983 for denying or failing to act on grievances." *Barnett v. Luttrell*, 414 F. App'x 784, 787 (6th Cir. 2011) (citing *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008)). Plaintiff's claims against Cadogen should therefore be dismissed.

Finally, plaintiff has not stated a retaliation claim. To state a viable claim of retaliation, plaintiff must allege facts showing that "(1) he engaged in protected conduct; (2) the defendant[s] took an adverse action against him 'that would deter a person of ordinary firmness from continuing to engage in that conduct'; and (3) that the adverse action was taken (at least in part) because of the protected conduct." *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc)). Plaintiff's conclusory retaliation claim is subject to dismissal because plaintiff has not alleged any facts suggesting a causal connection between the alleged adverse action and any protected activity. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state a claim under § 1983.'" *Harbin v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)). *See also Twombly*, 550 U.S. at 555-57.

Accordingly, in sum, Plaintiff may proceed with his claims against defendant Oppy for allegedly violating plaintiff's religious and equal protection rights by denying plaintiff's request to purchase a prayer rug. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). However, plaintiff's remaining claims, including the entirety of his claims against defendant Cadogen, should be dismissed for failure to state a claim upon which relief may be granted.

## IT IS THEREFORE RECOMMENDED THAT:

The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of plaintiff's claims against defendant Oppy for allegedly violating plaintiff's religious and equal protection rights by denying plaintiff's request to purchase a prayer rug.

## IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, summons, the separate Order issued granting the plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendant Oppy.

2. Plaintiff shall serve upon defendant or, if appearance has been entered by counsel, upon defendant's attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or defendant's counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

BILLY J. COVINGTON,  
    Plaintiff,

vs.

ANTHONY CADOGEN, *et al.*.  
    Defendants.

Case No. 1:18-CV-511

Dlott, J.  
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).