UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BILLY J. COVINGTON, | Case No. 1:18-cv-511 |
| Plaintiff, | |
| vs. | Dlott, J.<br>Bowman, M.J. |
| ANTHONY CADOGAN, *et al.*, | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), has filed a *pro se* civil rights complaint pursuant to 42 U.S.C.§ 1983 against SOCF officials. This civil action is now before the Court on Defendant SOCF Unit Manager Jeremy Oppy's motion for judgment on the pleadings (Doc. 19) and the parties' responsive memoranda (Docs. 22, 25). Upon careful review, the undersigned finds that Defendant's motion is well-taken and should be granted.

**I.   Background and Facts**

Plaintiff alleges that on April 26, 2018, Defendant Oppy violated his First Amendment and Equal Protection rights by denying him an opportunity to purchase a prayer rug. (Doc. 8). Plaintiff states that he filed a kite to Defendant Oppy asking if he could purchase a prayer rug. *Id.* Plaintiff claims that Defendant Oppy stated that he could only have one towel that was already issued to him. *Id.* Plaintiff states that he then filed an Informal Complaint to Anthony Cadogan and was again denied due to prison policy. *Id.*

1

Plaintiff seeks an injunction to "grant[] all Muslim inmates the right to purchase Muslim prayer rugs" and notes that he is suing the Defendant in an individual capacity. (Doc. 8, PageID55). Plaintiff also claims that this incident has caused "extreme hardship" while practicing his religion and requests $20,000 in punitive damages per defendant. *Id.*

On July 25, 2018, Plaintiff filed the Complaint against Defendants Anthony Cadogen and Jeremy Oppy. (Doc 1). On October 5, 2018, Plaintiff filed an identical complaint with a jury demand, which was served to Defendant. (Doc. 8). Upon sua sponte review by the court, the claims against Defendant Cadogen were dismissed for failure to state a claim but allowed the claims against Defendant Oppy concerning Plaintiff's religious and equal protection rights to proceed. (Doc. 9, PageID59, 61).

Defendant Oppy now moves for judgment on the pleadings. The motion is well-taken and should be granted

**II.   Standard of Review**

To survive a motion for judgment on the pleadings, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Roth Steel Products v. Sharon Steel Corporation*, 705 F.2d 134, 155 (6th Cir. 1983). However, the court need not accept as true legal conclusions or unwarranted factual inferences. *Lewis v. ACB Business Seru., Inc.*, 135 F.3d 389, 405 (6th Cir. 1988); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). It is not enough that the complaint contains "an unadorned, the defendant-unlawfully harmed-me

2

accusation." *Ashcroft v. Igbal*, 556 U.S. 662, 678 (2009). Conclusory statements which recite a cause of action are not sufficient. *Id.* The complaint must contain more than allegations the defendant may have possibly acted unlawfully. Even allegations that are consistent with a defendant's liability are insufficient. *Id*. Instead, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id*. See also Corie v. Alcoa Wheel & Forget Products*, 577 F.3d 625 (6th Cir. 2009). If it is not plausible that the factual allegations will lead to the requested relief, the defendant is entitled to judgment as a matter of law.

### III.   Analysis

Defendant Oppy contends that Plaintiff's Complaint fails on a number of fronts. First, a pro se plaintiff cannot represent others in a class action lawsuit. Second, Plaintiff cannot seek an injunction when suing a defendant in an individual capacity. Third, Plaintiff has not met the requirements of the PLRA. Lastly, Plaintiff is barred by qualified immunity.  Defendant's assertions will be addressed in turn.

#### A. Class Action/Injunctive Relief

As noted above, Plaintiff's complaint seeks "grant [] all Muslim inmates the right to purchase Muslim prayer rug." (Doc. 8, at PageID 55).  Defendant argues however, that a pro se plaintiff cannot represent a larger class of Muslims and requests damages on their behalf.  The undersigned agrees.

It is well established that a *pro se* litigant cannot represent other individuals in a class action.  See, e.g., *Ziegler v. Michigan*, 90 F.App'x 808, 810 (6th Cir. 2004) ("non-attorneys proceeding *pro se* cannot adequately represent a class"); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975) (holding that it was "plain error" to permit

3

the *pro se* prisoner "to represent his fellow inmates in a class action"); "A prisoner must allege a personal loss and seek to vindicate a deprivation of his own constitutional rights." *Corn v. Sparkman*, 1996 U.S. App. LEXIS 11629, *3 (6th Cir. 1996). If the prisoner does try to bring claims of other prisoners' constitutional violations, he lacks sufficient standing to do so. *Id.* Accordingly, to the extent that Plaintiff seeks to bring this action on behalf of a class of all Muslim inmates, Plaintiff's claims fail as a matter of law.

Moreover, Plaintiff's claim for injunctive relief to "grant[] all Muslim inmates the right to purchase prayer rugs" also fails as a matter of law. Courts have held that the "extraordinary remedy" of an injunction is not available when suing in an individual capacity for actions that occurred during official capacity duties. See e.g., *Cmty. Mental Health Servs. v. Mental Health & Recovery Bd. Serving Belmont, Harrison & Monroe Counties*, 150 Fed. Appx. 389, 401 (6th Cir. 2005) ("Just as a plaintiff cannot sue a defendant in his official capacity for money damages, a plaintiff should not be able to sue a defendant in his individual capacity for an injunction in situations in which the injunction relates only to the official's job, i.e., his official capacity.").

### B. First Amendment Claims

As noted above, Plaintiff alleges that defendant Oppy violated his religious and equal protection rights by denying Plaintiff's request to purchase a prayer rug. The First Amendment guarantees a prisoner the right to practice his religion. Th*ornburgh v. Abbott*, 490 U.S. 401, 408 (1989); *Bell v. Wolfish*, 441 U.S. 520, 550–51 (1979). To establish that his right to the free exercise of his religion has been violated, plaintiff must make a threshold showing: (1) that the "belief or practice asserted is religious in [his]

4

own scheme of things"; (2) that the belief or practice is "sincerely held"; and (3) that defendants' conduct infringes upon the belief or practice. *Kent v. Johnson*, 821 F.2d 1220, 1224 (6th Cir. 1987) (citations omitted). The focus then shifts to "whether the challenged practice of the prison officials furthers some legitimate penological objective." *Id*. A prison regulation that restricts a constitutional right is valid if it is "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 84 (1987). "Of course, the determination of state prison authorities as to what are legitimate penological objectives and what regulations and practices further them is entitled to great deference." *Kent v. Johnson*, 821 F.2d at 1225 (citing *Block v. Rutherford,* 468 U.S. 576, 585, 104 S.Ct. 3227, 82 L.Ed.2d 438 (1984); *Hill v. Blackwell*, 774 F.2d 338, 342 (8th Cir. 1985)). The Supreme Court explained that "such a standard is necessary if 'prison administrators ..., and not the courts, [are] to make the difficult judgments concerning institutional operations.'" *Turner v. Safley*, 482 U.S. at 89, 107 S.Ct. 2254 (quoting *Jones v. North Carolina Prisoner's Union*, Inc., 433 U.S. 119, 128 (1977)).

Here, on the face of the complaint, Plaintiff acknowledges that he was permitted to exercise his religion. The complaint states Plaintiff asked Defendant Oppy if he could purchase a prayer rug in order to practice his Muslim faith. Oppy denied Plaintiff's request asserting prison polices prohibits inmate's from having Muslim rugs. (Doc. 8 at p. 5). Oppy told Plaintiff that he could use a towel in place of a prayer rug. Plaintiff asserts that it is "essential to his Muslim belief to pray 5 times a day and to focus on certain point[s] on all Muslim rugs." *Id*. Plaintiff further alleges that Muslim Rugs have cushions for his knees "since he spends a lot of time praying." Being denied a rug

5

"made it hard to practice my religion the way I am instructed to by Islamic Law." *Id.* Notably, while difficult, Plaintiff does not allege that he was unable to exercise his religion.

Moreover, Defendant argues that he properly denied Plaintiff the right to buy a prayer rug based on DRC policies. Notably, in denying Plaintiff's grievance filed on May 24, 2018, Defendant noted that Page 40 of the SOCF Inmate Handbook, which is signed by Plaintiff, states: "state issued towel may be used as an alter cloth during worship and as a prayer rug." (Doc. 27)[1]. Defendant further noted that Plaintiff is currently being held in restrictive housing, and "[w]hen you are relieved from ERH to general population, you may order a prayer rug." *Id.* On appeal, the office of the Chief Inspector found that there was no evidence to support a violation of policy or rule in this matter; staff actions in this matter are compliant with DRC policy 55-SPC-02 (Restrictive Housing Procedures). (*See* Doc. 27).

Courts have given prisons discretion and have applied this discretion when determining whether a prison has a legitimate penological reason for denying an item relating to religious practices. Here, the denial was based on legitimate reasons in that the policy of the prison provides for towels to be used as prayer rugs because Plaintiff was in restrictive housing. Thus, a valid penological reason exists. More importantly, Defendant's conduct did not infringe upon Plaintiff's beliefs or practices. As noted

---

[1] A court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims therein, without converting the motion [to dismiss] into one for summary judgment." *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011). "Matters of public record include records of other courts." *Eggerson v. United States*, 2006 U.S. Dist. LEXIS 41873 at *9 (W.D. Mich. Jun. 22, 2006). (*See also* Doc. 38)

6

above, the complaint explicitly states that Plaintiff was able to practice his religion. Accordingly, Plaintiff as failed to show the existence of any constitutional violation.

### C. Qualified Immunity

Qualified immunity protects those officials whose "conduct does not violate clearly established . . . constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity "'gives ample room for mistaken judgments by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Hunter v. Bryant*, 502 U.S. 224, 229, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (quoting *Malley v. Briggs*, 475 U.S. 335, 343, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)). *See also Dorsey v. Barber*, 517 F.3d 389, 394 (6th Cir. 2008). Qualified immunity applies regardless of whether the official's error was a mistake of law or a mistake of fact, or a mistake based on mixed questions of law and fact. *Pearson*, 555 U.S. at 231, 129 S.Ct. 808.

Once raised by a defendant, the plaintiff "bears the ultimate burden of proof to show that [government officials] are not entitled to qualified immunity." *Cockrell v. City of Cincinnati*, 468 F. App'x 491, 494 (6th Cir. 2012) (*quoting Garretson v. City of Madison Heights*, 407 F.3d 789, 798 (6th Cir. 2005). The plaintiff must satisfy a two-pronged analysis: (1) taken in the light most favorable to the party asserting the injury, do the facts alleged show that the officer's conduct violated a constitutional right, and (2) if a violation could be made out on a favorable view of the parties' submission, was the right clearly established at the time of the injury. *Saucier*, 533 U.S. at 201. In its discretion, the court may initially address either of these questions in light of the circumstances of

the particular case before it in resolving an officer's qualified immunity claim. *Pearson*, 555 U.S. at 236–37.

Here, as noted above, Plaintiff has failed to establish a violation of his constitutional rights. Furthermore, the actions taken by Defendant Oppy would not constitute a violation of a "clearly established" right for the purposes of qualified immunity because a reasonable officer would have believed Defendant Oppy's actions in refusing to allow the inmate to purchase a prayer rug according to prison policy would be a legitimate reason. *See Cameron,* 38 F.3d at 272. As such, Plaintiff has failed to establish that he suffered a deprivation of any clearly established statutory or constitutional right that a reasonable official would understand violated the same. Therefore, the Defendants are immune from Plaintiff's claims and are entitled to judgment as a matter of law.

## IV. Conclusion

In light of the foregoing, it is therefore **RECOMMENDED** that Defendants' motion for judgment on the pleadings (Doc. 19) be **GRANTED** and this matter be **TERMINATED** on the active docket of the Court.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

BILLY J. COVINGTON,

    Plaintiff,

vs.

ANTHONY CADOGAN, *et al.,*

    Defendants.

Case No. 1:18-cv-511

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).